## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Antrell Jermaine Fordham, #262332, | ) | Case No. 2:16-cv-945-RMG-MGB |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Francine Bachman (D.H.O), et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

Plaintiff Antrell Jermaine Fordham is a state prisoner incarcerated at Lieber Correctional Institution in South Carolina. Plaintiff is proceeding *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2), the Magistrate Judge is authorized to review the record and to submit findings and recommendations to the District Judge. Upon review, the Magistrate Judge recommends that the Complaint is frivolous and should be **summarily dismissed**, with prejudice, and without issuance and service of process, for the following reasons:

I. <u>Background and Factual Allegations</u>

Plaintiff is presently serving state sentences for multiple counts of bank robbery and escape. His projected release date is January 13, 2023. Plaintiff is suing several prison officials (in both their individual and official capacities) for monetary damages because he is displeased with the decision in his prison disciplinary case for public masturbation, exhibitionism, and solicitation. Plaintiff asserts claims under 42 U.S.C. § 1983, claiming that his due process rights were violated by the disciplinary proceedings and his resulting placement in administrative segregation for 78 days. (DE# 1 at 3-4, ¶ IV "Statement of Claim"). Plaintiff seeks monetary relief from the Defendants and a declaration that his rights were violated. (*Id*. at 5, ¶ V "Relief").

II. Relevant Law

   A. Standard of Review

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Prison Litigation Reform Act ("PLRA") permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915(a)(1). To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time." *Neitzke*, 490 U.S. at 326. "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Id.*

With respect to a failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Unless otherwise specified, a dismissal for

failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir.2003). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir.2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore.*, 901 F.2d 387, 391 (4th Cir.1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

B.  The PLRA's 3-strike provision

The PLRA, at 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See McLean*, 566 F.3d at 404. "[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed IFP but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir.2013), as amended (Oct. 22, 2013). This means that, after

receiving three strikes, plaintiff will have to pay the full filing fee for almost any future non-habeas civil action he might wish to file. *Id*. at 610.

The record reflects that Plaintiff has filed numerous other lawsuits that have been summarily dismissed (see Case Nos. 2:15-cv-9; 6:14-cv-1093; 2:13-2596; 2:13-875; 2:12-974; 8:08-4110; 2:07-2828; 2:07-2699; 8:06-0807; 8:05-2230). In fact, the *pro se* Plaintiff has a currently pending case that is a <u>duplicate</u> of the present case. See D.S.C. Case No. 2:16-cv-945. Plaintiff is warned that if he continues to file pleadings that are frivolous, malicious, or fail to state a claim for which relief may be granted, he risks the accumulation of three strikes against him and the resulting denial of future requests for IFP status, absent exceptional circumstances. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir.1996) (*en banc*) ("A plaintiff's past litigious conduct should inform a district court's discretion under § 1915(d).").

III. <u>Discussion: The Complaint is a Duplicate Filing</u>

The record reflects that Plaintiff has another lawsuit currently pending before this Court, see D.S.C. Case No. 2:16-cv-249-RMG-MGB, which is based on the *same facts*, the *same grievance*, the *same disciplinary proceedings*, and the *same supporting documents* attached to the Complaint. Both cases repetitively seek monetary damages from the same prison officials (disciplinary hearing officer "DHO" Francine Bachman and Major Thierry Nettles).[1] "Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)." *Cottle v. Bell*, 2000 WL 1144623, *1 (4th Cir. Aug.14, 2000) (citing *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir.1992) ("[D]istrict courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party.")); *Wilkins v. Harley*, Case No. 6:11-cv-3463-MBS-KFM, 2012 WL 256566, *2  (D.S.C.

---

[1] In the earlier case, Plaintiff also names Associate Warden Fred B**.** Thompson as a defendant.

Jan. 12, 2012) ("this duplicate § 1983 Complaint is frivolous and subject to summary dismissal");

*Cox v. Cartledge,* 2013 WL 1401684 (D.S.C. March 13, 2013), *adopted by* 2013 WL 1401674

(D.S.C., Apr. 8, 2013). "[R]epetitious litigation of virtually identical causes of action may be

dismissed under 28 U.S.C. § 1915 as frivolous or malicious." *Paul v. de Holczer*, Case No. 3:15–

2178–CMC–PJG, 2015 WL 4545974 (D.S.C. July 28, 2015) (holding that 'the instant Complaint

should be summarily dismissed as a frivolous duplicate filing in the interest of judicial economy

and efficiency"), *affirmed by* --- F.App'x----, 2016 WL 426498 (4th Cir. Feb. 4, 2016).  Therefore,

as a duplicate filing, the present case is frivolous and subject to summary dismissal.

## IV.  Recommendation

Accordingly, the Magistrate Judge recommends that the Complaint is a frivolous duplicate

filing and should be ***summarily dismissed*** with prejudice, and without issuance and service of

process.

**IT IS SO RECOMMENDED**.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

April 5, 2016
Charleston, South Carolina

Petitioner's attention is directed to the ***important notice*** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).